IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM AARON JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO._____ |
| CITY COUNTY CREDIT UNION OF ) | |
| FORT LAUDERDALE and EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff William Aaron Johnson ("Plaintiff") is a natural person who

at all relevant times resided in Lithonia, Georgia (Gwinnett County).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Defendant Experian Information Solutions, Inc. ("Experian") is a for-profit foreign corporation authorized to do business in the State of Georgia, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

7. Experian uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant City County Credit Union of Fort Lauderdale ("CCCU") is a for-profit Florida corporation, and is a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10. CCCU uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

11. CCCU is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

12.     In or about February of 2013, Plaintiff discovered an account regarding an alleged debt on his credit report reported by CCCU, account number ***667 ("the Account").

13.     Plaintiff has never been a member of CCCU, has never applied for credit with CCCU, and has never signed or co-signed an agreement for the extension of credit to him or a third party by CCCU.

14.     On or about February 15, 2013, Plaintiff sent CCCU written communication disputing the Account. (See February 15, 2013 Dispute Letter, attached as Exhibit A).

15.     In response to Plaintiff's February 15, 2013 dispute letter, CCU sent Plaintiff written communication dated February 26, 2013 in which CCU verified that the Account belonged to Plaintiff and that Plaintiff's dispute "was not valid." (See February 26, 2013 CCCU Letter, attached as Exhibit B).

16.     CCCU's February 26, 2013 response to Plaintiff contained no information or documentation in support of its contention that the Account belonged to Plaintiff.

17. On April 30, 2013, Plaintiff sent a letter to Trans Union, LLC ("Trans Union") disputing the Account. (See April 30, 2013 Dispute Letter, attached as Exhibit C).

18. On June 10, 2013, Plaintiff sent a second dispute letter to CCCU providing further details concerning his dispute and demanding that CCCU remove the Account from his credit report. (See June 10, 2013 Dispute Letter, attached as Exhibit D).

19. Trans Union responded to Plaintiff's dispute on July 25, 2013 stating that it had removed the Account from Plaintiff's Trans Union credit report. (See July 25, 2013 Trans Union Letter, attached as Exhibit E).

20. On July 31, 2013, Plaintiff sent a third dispute letter to CCCU concerning the Account, and informed CCCU that the Account had been removed from his Trans Union credit report. (See July 31, 2013 CCCU Dispute Letter, attached as Exhibit F).

21. Also on July 31, 2013, Plaintiff sent a letter to Equifax Information Systems ("Equifax") disputing the Account. (See July 25, 2013 Equifax Dispute Letter, attached as Exhibit G).

22. As of the date of filing of this Complaint, Equifax has removed the Account from Plaintiff's Equifax credit report pursuant to Plaintiff's dispute.

23. Further, and also on July 31, 2013, Plaintiff sent a letter to Experian disputing the Account. (See July 25, 2013 Experian Dispute Letter, attached as Exhibit H).

24. Experian responded to Plaintiff's dispute on August 9, 2013, stating that "[w]e have already investigated this information and the credit grantor has verified its accuracy." (See August 9, 2013 Experian Letter, attached as Exhibit I).

25. Plaintiff replied to Experian's August 9, 2013 letter on August 30, 2013, again disputing the Account and demanding further information from Experian concerning its confirmation of the validity of the account with CCCU. (See August 30, 2013 Experian Dispute Letter, attached as Exhibit J).

26. Thereafter, Experian sent Plaintiff a letter dated September 5, 2013, stating that "[i]f [Plaintiff] question[s] the results of [Experian's] dispute process, then [Plaintiff] may want to contact the furnisher of information directly or review the original information in the public record." (See September 5, 2013 Experian Letter, attached as Exhibit K).

27. By verifying that the Account belonged to Plaintiff, CCCU failed to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, and by failing to review all relevant information about same, by failing to accurately respond to Experian.

28. By allowing CCCU to verify that the Account belonged to Plaintiff after Plaintiff disputed that information, Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

29. As of the date of filing of the instant Complaint, the Account remains on Plaintiff's Experian credit report.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b)
## (EXPERIAN)

30. Plaintiff incorporates herein by reference paragraphs 1 through 29 of this complaint as if restated in their entirety.

31. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

32. As a result of Experian's acts and/or omissions, Plaintiff has suffered actual damages including, but not limited to emotional distress, mental anguish, and a decreased credit score.

33. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34. In the alternative, Experian was negligent, entitling Plaintiff to recover damages from Experian pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Experian violated 15 U.S.C. § 1681e(b);

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i
## (EXPERIAN)

35. Plaintiff incorporates herein by reference paragraphs 1 through 34 of this complaint as if restated in their entirety.

36. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, and failing to maintain reasonable procedures to filter and verify disputed information in Plaintiff's credit file.

37. As a result of Experian's acts and/or omissions, Plaintiff has suffered actual damages including, but not limited to emotional distress, mental anguish, and a decreased credit score.

38. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

39. In the alternative, Experian was negligent, entitling Plaintiff to recover damages from Defendant pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Experian violated 15 U.S.C. § 1681i;

   b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

   c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

    d) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1681n(a)(2); and

    e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1681s-2(b)
### (CCCU)

40. Plaintiff incorporates herein by reference paragraphs 1 through 39 of this complaint as if restated in their entirety.

41. CCCU violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, failing to review all relevant information regarding the same, and by failing to accurately respond to Experian.

42. As a result of CCCU's acts and/or omissions, Plaintiff has suffered damages including, but not limited to emotional distress, mental anguish, and a decreased credit score.

43. CCCU's acts and/or omissions were willful, rendering it liable to Plaintiff for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44. In the alternative, CCCU was negligent, entitling Plaintiff to recover damages from CCCU pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CCCU violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 17, 2014.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
P.O. Box 4989
Atlanta, Georgia 30302-4989
(888) 595-9111 ext. 250
(866) 382-0092 (fax)
cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich